UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6360-CR-DMITROULEAS
MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUILLERMO REYES,

    Defendant.
_____/

## AMENDED OBJECTION TO PSI

COMES NOW the Defendant, GUILLERMO REYES, by and through his undersigned attorney and files this Objection to PSI and in support hereof states as follows:

1. The Defendant objects to paragraph 44 and 53 of the PSI which is not give the defendant credit for acceptance of responsibility. The Defendant has made a qualifying statement and should receive the deduction.

2. The Defendant objects to paragraph 46 of the PSI which estimates the intended loss at $85,000 and increases the level by eight. This calculation includes $48,000 in trucks and trailers which were part of the original theft, but had completely disappeared by the time the Defendant committed his relevant conduct. It can not be foreseeable that a broker of a small part of a load of stolen Clorox would be responsible for a truck and trailer which had been discarded well before the Defendant came into the picture.

3. The Defendant objects to paragraph 47 of the PSI which increases by two level for being in the business of receiving and selling stolen property. The Defendant was not in such a business and in fact, this crime was an act of opportunity not one of an established business. Accordingly, no increase is appropriate.



4. The Defendant objects to paragraph 30 and 48 of the PSI which does not give the Defendant a deduction for a minor role in the conspiracy. As adequately described in the PSI, the Defendant was a broker of a part of one of the stolen shipments. The Defendant did not steal, store or engage in any planning for the purpose of stealing goods. The Defendant did broker a small part of one load. As such, he is at least a minor participant and should receive the deduction.

## REQUEST FOR DOWNWARD DEPARTURE

1. The intended loss attributable to the Defendant grossly over represents his conduct in the offense. The Defendant is charged with brokering a sale of a part of a Clorox shipment in which the buyer was going to pay $10,000.00. Of that $10,000 the Defendant would be getting a percentage. The PSI assumes a loss in products of over $37,000.00. The Defendant did not broker the sale of the entire load and therefore the loss listed in the PSI for the Clorox products of $37,000 over represents the Defendant's conduct and the Court should depart downward to compensate.

2. The Court should depart downward from the Defendant's sentencing range as there exists mitigating circumstances not adequately taken into consideration by the commission.

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed to the office of Donald Chase, Assistant U.S. Attorney (954) 356-7336 and Kito J. Bess, U.S. Probation Officer, (954) 769-5566 this 12TH day of December, 2001.

JUAN DE JESUS GONZALEZ, LAWYER, P.A.
2100 Coral Way, Suite 404
Miami, Florida 33145
Phone: (305) 854-8495
Fax: (305) 854-8595

Juan de Jesus Gonzalez
Florida Bar No. 371904